Deaderiok, J.,
delivered the opinion of the court.
The bill was filed the 25th of April, 1868, and charges that in 1842 complainant, Luttrell, conveyed a tract of land of one hundred acres to W. B. A. Ramsay, trustee, to secure certain debts due to Arm-strongs, with power to' sell if the debts were not paid by the 1st of January, 1843. The debts not having been paid, Daniel Fisher, the father of Luttrell’s wife, in 1845 paid them, and took a conveyance of the land to himself from the trustee. Luttrell charges that the land was to be held as a security for the debts paid by Fisher, with liberty to him to use timber off of the land in payment; that Fisher did use timber during his life off of the land to the value of the amount paid by him; that in 1865 said Fisher *102 died, leaving complainant’s wife and the defendants, his widow and heirs at law; that he left at his death two tracts of land containing respectively two hundred and eighty-six and two hundred and thirty acres.
It is further charged that about the 20th of October, 1866, defendant ¥m. Fisher, administrator and one of the heirs at law of said Daniel Fisher, deceased, instituted a suit in the Chancery Court at Knoxville in connection with complainants and the other heirs at law of said Daniel Fisher, deceased,, for the partition of the real estate of deceased among-his heirs.
It is charged that complainants agreed to become petitioners or complainants in the bill for partition at the request of said ¥m. Fisher, and relied upon his-integrity and left the management of the case to him, believing he sought only to partition the two tracts of two hundred and eighty-six and two hundred and thirty acres; nor did complainants know any better until the commissioners appointed to partition the land were-actually engaged in surveying it. Nevertheless the said ¥m. Fisher fraudulently and falsely represented,, in the bill filed in said cause, that the tract of land of one hundred acres, belonging to complainant, Lut-trell, was a part of the real estate of said Daniel Fisher, deceased, and had commissioners appointed to-partition it who made their report to the April Term,. 1867, of said Chancery Court, whereupon a final decree , was rendered which gives to complainants part only of the one hundred acre tract as their share of' the real estate of said Daniel Fisher, deceased. The- *103 bill prays for an account, and that the report of the said commission and the decree confirming the same be annulled, vacated, and set aside for general relief.
¥m, Fisher, and most of- the other defendants, answer jointly and severally, and admit the execution of the deed of trust payment of the debts by Daniel Fisher, and conveyance to him by the trustee as alleged in the bill, but deny that the said Daniel agreed to hold the land as a security for the money, and that the same was to be repaid in timber to be used off the land, but state that said Daniel Fisher claimed the land as his own, and paid the taxes thereon up-to the time of his death in 1865.
Respondents admit the bringing of the suit for partition of the real estate of Daniel Fisher, deceased, and that complainants in this case were also complainants in that, and that in said bill it was distinctly alleged that the tract of land in controversy in this case belonged to said Daniel Fisher, and such was the judgment of the court in said cause, and they deny that any false or fraudulent representations were made to complainants, or that they were ignorant ■ of the contents of said bill, and respondent, ¥m. Fisher, denies that, he had any thing more to do in conducting the proceedings in the partition case than any of the other parties, who united as tenants in common in the bill for partition. And respondents insist that the proceedings in said cause settling the rights of the parties not having been appealed from, or in any way reversed or annulled, are conclusive, and are relied upon as a bar to the relief prayed in this case.
*104 Proof has been taken upon both sides as to the claim set up by said Daniel Fisher to the land, the acquiescence of Luttrell in the claim, the use of timber off the land, the sale and conveyance of one acre of it by Fisher. But without determining the effect ■of the deed of the trustee to Fisher, we are of opinion that the decree of the Chancellor dismissing the bill was correct, upon the ground that complainants united with the other tenants in common of the real estate descended from said Fisher, deceased, .in an application for the partition thereof, and in that bill the title to the one hundred acres is alleged to be in the heirs at law of said Fisher, deceased. Complainants admit that they had knowledge of this claim in the bill and of the survey of the land before the commissioners made their report, and of course before the confirmation of said report, and the final decree in the cm se, yet they permit the report to be confirmed without exception, and take no steps to question its CHTeetness for more than a year after the final decree in the cause. There is no evidence in the record to support the allegations of fraud and imposition made by complainants against defendant, ¥m. Fisher; none wh Rever to show that he or others had any thing more to do in the conduct and management of the cause than complainants themselves. The allegations in that bill and proceedings, and final decree in that cause, in the absence of proof to impeach their fairness and good faith, must be held conclusive as between the parties.
Let the decree of the Chancellor be affirmed.